LOUIS E. PEPPERMAN, Respondent, *v.* OVERSEAS SHIPPING COMPANY, INC., Appellant, Impleaded with UNITED STATES STEEL PRODUCTS COMPANY, Defendant.

Second Department, April 30, 1926.

**Ships and shipping — action by officer of steamship against owner and corporation loading steamship, to recover for personal injuries — owner not liable for admiralty obligation for care and maintenance if not liable for injuries — evidence raised question of fact as to negligence of corporation loading ship — said defendant not liable for admiralty obligation for maintenance and care found against owner — plaintiff is entitled to recover medical expenses and loss of wages.**

In an action by an officer on a steamship against the owner and a corporation loading the steamship, to recover for personal injuries suffered by him during the process of loading, in which he did not personally take part, the owner cannot be held liable for the admiralty obligation of care and maintenance unless it is found to have been negligent toward the plaintiff.

Since it appears that the accident was caused by the failure of those engaged in loading the ship to give warning to the plaintiff of imminent danger attending the raising and lowering of drafts, a question of fact was presented for the jury whether, under the circumstances attending the accident, the warning should not have been given to the plaintiff.

The action of the court in adding to the amount found against the corporation loading the ship the amount found against the owner for maintenance and care was improper, for the defendant engaged in loading the ship is not liable for the admiralty obligation of care and maintenance.

The plaintiff is entitled to recover the cost of medical expenses and his loss of wages during the time of his recovery from the accident.

APPEAL by the defendant, Overseas Shipping Company, Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 12th day of June, 1925, upon the special verdict of a jury for $6,515, and also from an order entered in said clerk's office on the 5th day of October, 1925, denying said defendant's motion for a new trial made upon the minutes.

This action is to recover damages suffered by the plaintiff, an officer on a steamship owned and operated by the defendant United States Steel Products Company, and caused by the alleged negligence of the defendant Overseas Shipping Company, Inc., which at the time of the accident was engaged in loading the steamship.

*Walter L. Glenney,* for the appellant.

*Charles A. Ellis* [*Silas B. Axtell* with him on the brief], for the respondent.

PER CURIAM. We are of the opinion that no negligence was proven against the United States Steel Products Company. If the accident happened because of the negligence of the Overseas Shipping Company, Inc., there can be no liability on the part of the United States Steel Products Company for maintenance and care, because that would be compelling it to pay for the wrong of another. In our opinion, the alleged improper piling of the hatch covers furnishes no ground of negligence against either defendant. We are, however, of the opinion that enough was shown to raise an issue as to the negligence of the Overseas Shipping Company, Inc., in the operation of the work. It was the duty of the stevedores employed in the prosecution of the work to be watchful of the safety of those on the ship in the performance of their duty, and the evidence is sufficient to show that the winchmen knew or should have known that the plaintiff was standing near the hatchway into which the drafts were being lowered. It was, therefore, a question for the jury whether, under such circumstances, a warning should not have been given to the plaintiff before the draft was swung over or the draft withheld until the plaintiff was out of the way. The action of the court in adding the amount found against the United States Steel Products Company for maintenance and care to the amount of damage found against the Overseas Shipping Company, Inc., cannot be upheld. In the first place, the court improperly directed a verdict for the total amount. There was no reconsideration on the part of the

jury.   If there had been, the jury might have said that the damages chargeable to the accident were not the same amount which it fixed as the value of maintenance and care.   In addition to this, it would seem that the admiralty obligation for maintenance and care is not the same as the obligation of the defendant Overseas Shipping Company, Inc., as the result of its negligence.   The jury informed the court that their verdict for $5,000 against the Overseas Shipping Company, Inc., did not include anything for loss of wages and medical expenses.   This, of course, plaintiff is entitled to as part of his damage if he was hurt because of the negligence of the Overseas Shipping Company, Inc.   We think the judgment and order should be reversed on the law and the facts and a new trial granted, with costs to abide the event, unless plaintiff stipulate within twenty days that the verdict be reduced to $5,000 and the judgment modified accordingly.   If such stipulation be given, the judgment as so modified, and the order, are affirmed, without costs.

Present — KELLY, P. J., RICH, MANNING, YOUNG and LAZANSKY, JJ.

Judgment and order reversed on the law and the facts, and a new trial granted, costs to abide the event, unless within twenty days plaintiff stipulate that the verdict be reduced to the sum of $5,000, and the judgment modified accordingly; in which event the judgment, as so modified, and the order are unanimously affirmed, without costs.